MCGREGOR W. SCOTT
United States Attorney
SHEILA K. OBERTO
Assistant U.S. Attorney
2500 Tulare Street, Suite 4401
Fresno, California 93721
Telephone: (559) 497-4000

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 1:06 cr 0199 AWI |
| Plaintiff, | ) ) | |
| v. | ) ) ) ) | MEMORANDUM OF PLEA AGREEMENT UNDER RULE 11(c) OF THE FEDERAL RULES OF CRIMINAL PROCEDURE |
| LUIS AROLDO ZUNIGA, | ) ) ) | Date: September 11, 2006 Time: 9:00 a.m. Place: Courtroom Two |
| Defendant. | ) ) | Honorable: Anthony W. Ishii |

Pursuant to Rule 11(c) of the Federal Rules of Criminal Procedure, the United States of America, by and through McGregor W. Scott, the United States Attorney for the Eastern District of California, and Assistant United States Attorney Sheila K. Oberto, has agreed with defendant Luis Aroldo Zuniga, and his attorney, Melody Walcott, as follows:

1.  Charge.

The defendant acknowledges that he has been charged in a superseding indictment as follows:

1

1    Receipt or Distribution of Material Involving the Sexual

2  Exploitation of Minors, in violation of Title 18, United States

3  Code, Section 2252(a)(2) (Count One);

4    Possession of Material Involving The Sexual Exploitation of

5  Minors, in violation of Title 18, United States Code, Section

6  2252(a)(4)(Count Two); and

7    Use of Facility of Interstate Commerce to Induce a Minor to

8  Engage in Criminal Sexual Activity in violation of Title 18,

9  United States Code, Section 2422(b) (Count Three).

10    The defendant will plead guilty to Counts Two and Three.

11    2.   Nature, Elements and Possible Defenses.

12    The defendant has read the charges against him contained in

13  the superseding indictment, and those charges have been fully

14  explained to him by his attorney.  Further, the defendant fully

15  understands the nature and elements of the crimes charged in the

16  superseding indictment to which he is pleading guilty, together

17  with the possible defenses thereto, and he has discussed them

18  with his attorney.

19    **Elements of Violation of 18 U.S.C. Section 2252(a)(4) -**
20    **Count Two**

21    The elements of the crime of Possession of Material

22  Involving the Sexual Exploitation of Minors, as alleged in the

23  Superseding Indictment, are as follows:

24         (1)   The defendant knowingly possessed visual
              depictions that had been shipped or
25            transported in interstate commerce by any
              means including by computer;
26

2

1

    (2) The producing of any such visual
depiction involved the use of one or more

2

real minors engaged in sexually explicit
conduct and such visual depiction was of such

3

conduct; and

4

    (3)    The defendant had knowledge that the
visual depiction involved the use of one or

5

more real minors engaged in sexually explicit
conduct.

6

7

**Elements of Violation of 18 U.S.C. Section 2422(b) - Count
Three**

8

    The elements of the crime of Use of a Facility of Interstate

9

Commerce to Induce a Minor to Engage in Criminal Sexual Activity,

10

as alleged in the superseding indictment, are as follows:

11

    (1)    The defendant used any facility or means
of interstate or foreign commerce;

12

13

    (2)    To knowingly attempt to persuade,
induce, entice, or coerce;

14

    (3)    An individual who had not attained the
age of 18 years;

15

16

    (4)    To engage in sexual activity for which any person
could be charged with a criminal offense.

17

3.    Agreements by the Defendant.

18

    (a) Defendant agrees that this plea agreement shall be filed

19

with the court and become a part of the record of the case.

20

    (b) Defendant agrees to enter a plea of guilty to Counts Two

21

and Three of the superseding indictment which charge him with

22

Possession of Material Involving the Sexual Exploitation of

23

Minors, in violation of Title 18, United States Code, Section

24

2252(a)(4), and Use of a Facility of Interstate Commerce to

25

Induce a Minor to Engage in Criminal Sexual Activity, in

26

3

1  violation of Title 18, United States Code, Section 2422(b).

2      (c)   Defendant understands and agrees that he will not be
3  allowed to withdraw his plea should the Court fail to follow the
4  sentencing recommendations of the parties.

5      (d)   Defendant is aware that Title 18, United States Section
6  3742 affords a defendant the right to appeal any sentence
7  imposed.   Acknowledging this, defendant knowingly and voluntarily
8  waives his Constitutional and statutory rights to appeal his
9  plea, conviction, and sentence.   This waiver of appeal includes,
10 but is not limited to, an express waiver of defendant's rights to
11 appeal his plea, conviction, and sentence on any ground,
12 including any appeal right conferred by 18 U.S.C. § 3742.   The
13 defendant further agrees not to contest his plea, conviction, or
14 sentence in any post-conviction proceeding, including but not
15 limited to a proceeding under 28 U.S.C. § 2255.

16     (e)   The defendant further acknowledges that his plea of
17 guilty is voluntary and that no force, threats, promises or
18 representations have been made to anybody, nor agreement reached,
19 other than those set forth expressly in this agreement, to induce
20 the defendant to plead guilty.

21     (f)   The defendant agrees to waive all rights under the
22 "Hyde Amendment,"   Section 617, P.L. 105-119 (Nov. 26, 1997), to
23 recover attorneys' fees or other litigation expenses in
24 connection with the investigation and prosecution of all charges
25 in the above-captioned matter and of any related allegations
26 (including without limitation any charges to be dismissed

4

1  pursuant to this Agreement and any charges previously dismissed).

2  (g) The defendant understands that the Court will consult
3  the Federal Sentencing Guidelines (as promulgated by the
4  Sentencing Commission pursuant to the Sentencing Reform Act of
5  1984, 18 U.S.C. §§ 3551-3742 and 28 U.S.C. §§ 991-998, and as
6  modified by United States v. Booker and United States v. Fanfan,
7  1255 S.Ct. 738 (2005)), and will take them into account when
8  determining a final sentence.  Defendant understands that the
9  Court will determine a non-binding and advisory guideline
10 sentencing range for this case pursuant to the Sentencing
11 Guidelines.  Defendant further understands that the Court will
12 consider whether there is a basis for departure from the
13 guideline sentencing range (either above or below the guideline
14 sentencing range) because there exists an aggravating or
15 mitigating circumstance of a kind, or to a degree, not adequately
16 taken into consideration by the Sentencing Commission in
17 formulating the Guidelines.  Defendant further understands that
18 the Court, after consultation and consideration of the Sentencing
19 Guidelines, must impose a sentence that is reasonable in light of
20 the factors set forth in 18 U.S.C. § 3553(a).

21 (h) If the defendant's conviction on the count to which he
22 is pleading is ever vacated at the defendant's request, or his
23 sentence is ever reduced at his request, the government shall
24 have the right (1) to prosecute the defendant on any of the
25

26

5

counts to which he pleaded guilty; (2) to reinstate any counts that may be dismissed under this agreement; and (3) to file any new charges that would otherwise be barred by this agreement. The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office.  By signing this agreement, the defendant agrees to waive any objections, motions, and defenses he might have to the government's decision, including Double Jeopardy.  In particular, he agrees not to raise any objections based on the passage of time with respect to such counts including, but not limited to, any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment.

(i) The defendant agrees that he used a computer in the commission of this offense which will increase his base offense level upward by two (2) levels.

(j) The defendant agrees that he possessed material that involved prepubescent minors and/or minors who had not attained the age of twelve (12) years which will increase his base offense level upward by two (2) levels.

(k)  The defendant agrees that the offense involved at least 150, but fewer than 300, images of children engaged in sexually explicit conduct which will increase his base offense level upward by three (3) levels.

(l)  The defendant agrees that he possessed images of minors

6

1  engaged in sexually explicit conduct that portrayed sadistic or
2  masochistic conduct or other depictions of violence which will
3  increase his base offense level upward by four (4) levels.

4  (m)  The defendant agrees to accept a term of supervised
5  release of fifteen years (180 months) and concedes that this will
6  be one component of an overall "reasonable sentence."

7  (n)  The defendant agrees not to move for a downward
8  departure of his sentence.  The defendant understands and agrees
9  that this agreement by him includes, but is not limited to, not
10  moving for a downward departure of his offense level, criminal
11  history category, or criminal history points as defined by the
12  United States Sentencing Guidelines.
13

14  (o)  The defendant agrees to participate in and complete any
15  inpatient and/or outpatient sex offender and mental health
16  treatment programs, as directed by the U.S. Probation Office.

17  (p)  The defendant agrees that a special condition of his
18  supervised release will be that he register as a sex offender
19  under the laws of the state in which he decides to reside.  He
20  further agrees to participate in any outpatient sex offender
21  counseling or sex offender treatment that may be directed by his
22  supervising probation officer upon release from the twelve (12)
23  month treatment program outlined in paragraph (o).

24  (q)  The defendant agrees to be remanded into custody upon
25  entry of his guilty plea, pursuant to Title 18, United States
26

7

Code, Section 3143.

4.  Agreements by the Government.

(a)  The government will recommend a two-level reduction (if the offense level is less than 16) or a three-level reduction (if the offense level reaches 16) in the computation of his offense level if the defendant clearly demonstrates acceptance of responsibility for his conduct as defined in Section 3E1.1 of the United States Sentencing Commission Guidelines Manual.

(b)  The government agrees to dismiss Count One of the Superseding Indictment at the time of sentencing.

(c)  The government will recommend a term of supervised release of fifteen years (180 months).

6.  Factual Basis.

Defendant will plead guilty because he is in fact guilty of the crimes set forth in Counts Two and Three of the superseding indictment.  Defendant also agrees that the following are the facts of this case, although he acknowledges that, as to other facts, the parties may disagree:

**Count Two**

On or about May 22, 2006, in the State and Eastern District of California, knowingly possessed, on one or more computer hard drives, compact discs, or similar storage media, visual depictions, the producing of which involved minors engaging in sexually explicit conduct.  These depictions had been transported in interstate commerce and were real minors, i.e, persons under age 18.  More specifically, the defendant, using a computer and modem, obtained via the Internet and interstate commerce, numerous image files, including but not limited to Joint Photographic-Experts Format files and Graphic Interchange Formats (JPEG & GIF

files) all of which, as the defendant then knew, contained visual depictions, the producing of which involved the use of minors engaged in sexually explicit conduct as defined in Title 18, United States Code, Section 2256.   The conduct specified above violated Title 18, United States Code, Section 2252(a)(4)(B). The defendant possessed more than 150, but fewer than 300 such images, and several of these depicted prepubescent minors engaged in sexually explicit conduct.   Several of the images also depicted sadistic or masochistic conduct or other depictions of violence.

**Count Three**

On or about and between April 10, 2006, to and including May 21, 2006, in the Eastern District of California, and elsewhere the defendant knowingly attempted to persuade, induce, entice, or coerce an individual, who had not attained the age of 18 years, to engage in sexual activity for which any person could be charged with a criminal offense.   Specifically, the defendant engaged in multiple online chat sessions, using a computer connected to the internet, with someone he believed was a thirteen (13) year-old girl. These chat sessions included graphic discussions of specific sexual activities in which the defendant wished to engage with who he thought was a minor. Several of these sexual activities, had they actually occurred, could have resulted in the defendant's criminal prosecution under California law for lewd acts with a minor.   In fact, however, the defendant was communicating with a law enforcement officer who was acting in an undercover capacity.   In furtherance of his attempt to engage in sexual activities with the minor, the defendant traveled from his residence in Orangevale, California, to Salida, California with the intention of then meeting the minor in Salida, California.

7.   Potential Sentence.

Defendant understands that because the count to which he is pleading guilty occurred after November 1, 1987, the court will be required to consult the Sentencing Guidelines adopted by the United States Sentencing Commission.   Further, he understands that the court may choose a sentence above or below the

9

applicable guideline range depending on the aggravating or mitigating facts of the defendant's case, but the Court will not be able to impose a sentence below the statutory minimum term of five (5) years imprisonment for Count Three.   The following are the potential penalties that the defendant faces:

**Violation of 18 U.S.C. § 2252(a)(4): Possession of Material Involving the Sexual Exploitation of Minors (Count Two):**

(a)   Imprisonment.

     Maximum: Ten (10) years.

(b)   Fine.

     Maximum: Two Hundred Fifty Thousand Dollars ($250,000).

(c)   Both such fine and imprisonment.

(d)   Term of Supervised Release.

     Maximum: Life (18 U.S.C. 3583(k))

     (Should the defendant violate any of the terms of his supervised release, he can be returned to prison for the remaining period of supervised release actually imposed by the court, or five years whichever is less.)

(e)   Penalty Assessment:

     Mandatory: One Hundred Dollars ($100).

**Violation of 18 U.S.C. § 2422(b): Use of a Facility of Interstate Commerce to Induce a Minor to Engage in Criminal Sexual Activity (Count Three):**

(a)   Imprisonment.

     Maximum: Thirty (30) years.
     Minimum: Five (5) years.

(b)   Fine.

     Maximum: Two Hundred   Fifty Thousand Dollars ($250,000).

1    (c)   Both such fine and imprisonment.

2    (d)   Term of Supervised Release.

3          Maximum: Life

4          (Should the defendant violate any of the terms of his
          supervised release, he can be returned to prison for
5          the remaining period of supervised release actually
          imposed by the court, or five years whichever is less.)

6    (e)   Penalty Assessment:

7          Mandatory: One Hundred Dollars ($100).

8    8.    Waiver of Rights.

9    Defendant understands that by pleading guilty he surrenders

10   certain rights, including the following:

11   (a)   If defendant persisted in a plea of not guilty to the

12   charges against him, he would have the right to a public and

13   speedy trial.  The trial could be either a jury trial or a trial

14   by a judge sitting without a jury.  Defendant has a right to a

15   jury trial.  But in order that the trial be conducted by a judge

16   sitting without a jury, defendant, the government and the judge

17   all must agree that the trial be conducted by the judge without a

18   jury.

19   (b)   If the trial were a jury trial, the jury would be

20   composed of twelve lay persons selected at random.  Defendant and

21   his attorney would have a say in who the jurors would be by

22   removing prospective jurors for cause where actual bias or other

23   disqualification is shown, or without cause by exercising

24   peremptory challenges.  The jury would have to agree unanimously

25   before it could return a verdict of either guilty or not guilty.

26
                                 11

The jury would be instructed that defendant is presumed innocent and that it could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt.

(c)   If the trial were held before a judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he was persuaded of the defendant's guilt beyond a reasonable doubt.

(d)   At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant.  Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them.  In turn, defendant could present witnesses and other evidence on his own behalf.  If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court. At trial, the defendant would also have the right to assistance of legal counsel.  If he could not afford legal counsel, one would be appointed for him by the court at no expense to him.

(e)   At a trial, defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from this refusal to testify.

Defendant understands that by pleading guilty he is waiving all of the rights set forth above and defendant's attorney has explained those rights to him and the consequences of his waiver

of those rights.

9.   Questions by Court.

Defendant understands that if the court questions him under oath, on the record and in the presence of counsel, about the offense to which he has pleaded guilty, his answers, if false, may later be used against him in a prosecution for perjury.

10.   Entire Agreement.

This plea of guilty is freely and voluntarily made and not the result of force or threats or of promises apart from those set forth in this plea agreement.   There have been no representations or promises from anyone as to what sentence this Court will impose.

11.   Right to Counsel.

The defendant understands that he has a right to counsel throughout his case from his initial appearance through his trial or guilty plea or dismissal of the case against him and through and including any sentencing.   Unless waived in the agreement, the defendant also has a right to counsel for a direct appeal in his case.   The defendant understands that the right to counsel includes the provision of defense counsel through the Court if the defendant cannot afford to hire counsel.

12.   Court not a Party.

It is understood by the parties that the sentencing court is neither a party to nor bound by this agreement and the sentencing judge is free to impose the maximum penalties as set forth in

13

1  paragraph 7.  Further, in making its sentencing decision, the
2  Court may take into consideration any and all facts and
3  circumstances concerning the criminal activities of defendant,
4  including activities which may not have been charged in the
5  indictment.

6         13.   Presentence Report.

7         Defendant understands that the United States Probation
8  Office is not a party to this agreement and will conduct an
9  independent investigation of defendant's activities and his
10 background.  It will then prepare a presentence report which it
11 will submit to the Court as its independent sentencing
12 recommendation.  In addition, the government will fully apprise
13 the Probation Office, as well as the Court, of the full and true
14 nature, scope and extent of the defendant's criminal activities,
15 including information on his background and criminal history.

16                                    MCGREGOR W. SCOTT
17                                    United States Attorney

18  DATED:   10-13-06        By
19                                    SHEILA K. OBERTO
                                     Assistant U.S. Attorney
20
21  DATED:   10-6-06
                                     LUIS AROLDO ZUNIGA
22                                   Defendant

23  DATED:
                                     MELODY WALCOTT
24                                   Attorney for Defendant
25
26
                                   14